IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3016 |
| vs. | |
| MICHAEL D. HOUSTON, | ORDER |
| Defendant. | |

The defendant has moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 55. That section permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A). The Court will deny the defendant's motion, for two reasons.

The first reason is that the defendant doesn't allege exhausting his administrative remedies. Section 3582(c)(1)(A) provides that the Court may reduce a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." And exhaustion of administrative remedies is mandatory. *See United States v. Milton*, 11 F.4th 597, 600 (8th Cir. 2021); *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

But the defendant's motion also fails on its merits. The defendant's

motion asserts "a few health problems," such as high blood pressure and sleep apnea, as grounds for compassionate release. Filing 55. But § 1B1.13(b)(1) sets a far higher bar: For the "medical circumstances of the defendant" to be a basis to reduce a sentence, the defendant must show that he is either:

(A) Suffering from a terminal illness;

(B) Suffering from a serious condition that "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover";

(C) Suffering from a condition "that requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death"; or

(D) Housed in a facility affected by an outbreak of infectious disease or public health emergency to which he is at an increased risk that can't be adequately mitigated.

The defendant hasn't alleged anything meeting those requirements. *See* filing 55. And while the probation office's compassionate release investigation report (filing 63) and the medical records obtained from the Bureau of Prisons (filing 62) indicate other health issues, none are sufficiently serious to warrant release pursuant to § 3582(c)(1)(A) or § 1B1.13(b)(1).

The defendant also alleges self-improvement and rehabilitation. Filing 55. While his progress is commendable, rehabilitation by itself isn't enough in the absence of another circumstance warranting a sentence reduction. *See* § 1B1.13(d). Nor has that progress come without setbacks, as reflected in prison disciplinary records. *See* filing 63 at 7. And the defendant has a long

and serious criminal history. *See* filing 63 at 2-5. All told, the Court finds no extraordinary and compelling reason for release, and the § 3553(a) factors also weigh against reducing the defendant's sentence.[1] Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 55) is denied.

Dated this 9th day of July, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] The defendant's motion also mentions something about a "year off for the COVID-19 lockdown," which isn't relief available under § 3582(c)(1)(A): It broadly describes the experience of <u>all</u> federal prisoners, so even if it was "compelling," it's hardly "extraordinary." The defendant also mentions a change in law reducing criminal history by 2 points—the Court assumes that's a reference to U.S.S.G. Amend. 825, which has been implemented by separate order. *See* filing 72.