IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3016 |
| vs. | |
| MICHAEL D. HOUSTON, | ORDER |
| Defendant. | |

The defendant has filed a motion seeking credit for time served in state custody, and also credits apparently relating to the calculation of his sentence as affected by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Filing 76 at 1. The Court will deny the motion.

The Court can only *recommend* credit for time served, and is not authorized to *award* credit at sentencing. 18 U.S.C. § 3585(b); *United States v. Wilson,* 503 U.S. 329, 332-35 (1992). The Attorney General, through the Bureau of Prisons, has the exclusive authority to compute and apply credit for time served. *Wilson,* 503 U.S. at 335. Any complaint about how the defendant's sentence is being computed needs to be brought elsewhere: It must first be presented to the Bureau of Prisons, *see United States v. Pardue,* 363 F.3d 695, 699 (8th Cir. 2004), and then in a habeas corpus action under 28 U.S.C. § 2241 in the district of incarceration, *see Matheny v. Morrison,* 307 F.3d 709, 711-12 (8th Cir. 2002).

In other words, if the defendant believes his sentence is being calculated incorrectly, his remedy is to administratively exhaust his claim and then bring it in the district where's he's in prison—which appears, right now, to be the Middle District of Pennsylvania, where FCI Allenwood Medium is located. If

counsel is to be appointed, it should be there, by that court. The Court can, however, provide the defendant with the forms he would need to fill out and file in the Middle District of Pennsylvania.[1]

The defendant has also filed a third motion for compassionate release (filing 77), based on the same grounds as his previous motion (filing 55), and again requesting appointment of counsel. The Court appointed counsel to represent the defendant on his previous motion, *see* filing 60, and the issues were fully briefed and decided by the Court, *see* filing 75. For the reasons stated in the Court's Order of July 9, 2024 (filing 75), the defendant's third motion for compassionate release (filing 77) will be denied.

IT IS ORDERED:

1. The Clerk of the Court is directed to remove Magistrate Judge Zwart as the referral judge in this case. Because this case is closed, a replacement referral judge will not be assigned at this time.

2. The defendant's motion for credit for time served (filing 76) is denied.

3. The defendant's third motion for compassionate release (filing 77) is denied.

---

[1] U.S. District Court
Middle District of Pennsylvania
U.S. Courthouse and Federal Office Building
240 West Third Street
Suite 218
Williamsport, PA 17701

4. The Clerk of the Court is directed to provide the defendant with a copy of this order and a copy of Form AO 240 and Form AO 242.

Dated this 18th day of July, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge