IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3016 |
| vs. | |
| MICHAEL D. HOUSTON, | ORDER |
| Defendant. | |

The defendant has submitted a letter (filing 79) that the Court construes as a motion to appoint counsel. The Court will deny the motion.

The defendant seeks counsel to assist him in removing a criminal history point, pursuant to the 2022 "Campbell case," because of marijuana legalization. The Court infers that the defendant is referring to a criminal history point that was assessed against him in the presentence report for a Nebraska state marijuana possession offense. *See* filing 30 at 10-18.[1]

But there's no colorable legal basis for his claim. Most obviously, marijuana remains illegal under federal law, *see* 21 U.S.C. § 841, and Nebraska law, *see* Neb. Rev. Stat. § 28-416(11)-(13). Beyond that, if the defendant is relying on a change in the law as a basis for a reduced sentence, the only real option is 18 U.S.C. § 3582(c)(1)(A)(i), which permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative

---

[1] Specifically, the defendant had several 1-point offenses, including several state marijuana offenses—but only 4 were counted, pursuant to U.S.S.G. § 4A1.1(c). *See* filing 30 at 10-18. He had two 1-point assault convictions, and a third 1-point sentence that combined a marijuana possession offense with other countable offenses. *See* filing 30 at 12, 17. So, he was assessed only one point that can be definitively attached solely to a marijuana possession offense.

remedies—shows "extraordinary and compelling reasons" warranting such a reduction. But the Court's reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13, which provides that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6). And the defendant—whose sentence was reduced to 106 months' imprisonment by retroactive application of U.S.S.G. Amend. 821, *see* filing 72—will never qualify for such a reduction. The Court's best guess about the "Campbell" case is that the defendant means *United States v. Crandall*, 25 F.4th 582 (8th Cir.), *cert. denied*, 142 S. Ct. 2781 (2022). But that case cuts against him: The Eighth Circuit held that § 3582(c)(1)(A)(i) "is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *Crandall*, 25 F.4th at 586.

The defendant might also be referring to a change made in the commentary to U.S.S.G. § 4A1.3 by Amend. 821: Now, a downward departure may be warranted if "[t]he defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." § 4A1.3 cmt. n.3(A)(ii). But while some provisions of Amend. 821 were made retroactive, that one wasn't. *See* U.S.S.G.

Amend. 825. And a nonretroactive change to the guidelines doesn't support a sentence reduction. *See* § 1B1.13(b)(6).

Finally, the Court notes that one criminal history point, even if it was erased, wouldn't make a difference. The defendant's operative sentence—after applying the Amend. 821 retroactive adjustment of "status points"—was premised on a criminal history score of 12 and resulting criminal history category V. *See* filing 71 at 1; filing 72 at 2. Even if 1 or 2 more criminal history points were deducted, the defendant would still be criminal history category V. *See* U.S.S.G. Ch. 5 Pt. A. It wouldn't affect his sentencing range or sentence.

In short: No changes have been made to the legal status of marijuana that could have any conceivable effect on the defendant's sentence. There is no reason to appoint counsel to pursue a fruitless claim. Accordingly,

IT IS ORDERED that the defendant's motion to appoint counsel (filing 79) is denied.

Dated this 5th day of August, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge